# NO. 12-23-00286-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MILISA FOSTER GALYEON,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *CHRISTIN F. PHELPS AND UNKNOWN RESPONDENT, APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Appellant, Milisa F. Galyeon, filed a pro se notice of appeal on November 13, 2023. The reporter's record was filed on December 11 and the clerk's record was filed on April 3, 2024. Appellant's brief was due May 6. On May 13, the Clerk of this Court notified Appellant the brief was past due. We further notified Appellant that the appeal may be dismissed for want of prosecution unless a motion for extension of time, containing a reasonable explanation for the failure to file a brief and showing that Appellees had not suffered material injury thereby, was filed no later than May 23. Appellant filed a motion for extension of time to file her brief, which this Court granted to June 6. Appellant submitted a brief on June 6, but the brief failed to comply with service requirements.[1] *See* TEX. R. APP. P. 9.5 (service).[2] The Clerk of this Court

---

[1] Appellant states she received a verbal order prohibiting her from contacting Appellee, Christin F. Phelps. However, Rule 9.5 requires a filing party to serve a copy of the filed document on all parties to the proceeding and this may be done electronically or by other means, such as by mail or commercial delivery service, as appropriate. *See* TEX. R. APP. P. 9.5.

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *Muhammed v. Plains Pipeline, L.P.*, No. 12-16-00189-CV, 2017 WL 2665180, at \*2 n.3 (Tex. App.—Tyler June 21, 2017, no pet.) (mem. op.).

notified Appellant of the defect and advised that failure to correct the defect on or before June 14 would result in the brief being returned and deemed past due, and the case being presented to the Court for dismissal for failure to timely file a brief. Appellant failed to file a supplement to correct the defect. On June 21, this Court returned the brief to Appellant for non-compliance with the appellate rules but gave Appellant until July 1 to file an amended brief. On July 10, we notified Appellant that her brief was returned on June 21, an amended brief was due to be filed July 1, and said amended brief or a motion for extension of time to file the brief, was not filed. We further notified Appellant that the appeal may be dismissed for want of prosecution unless a motion for extension of time, containing a reasonable explanation for the failure to file a brief and showing that Appellees had not suffered material injury thereby, was filed no later than July 22.

The July 22 deadline passed without Appellant filing an amended brief or other response to this Court's notice. Accordingly, we ***dismiss*** the appeal for ***want of prosecution***. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b).

Opinion delivered July 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2024**

**NO. 12-23-00286-CV**

**MILISA FOSTER GALYEON,**
Appellant
V.
**CHRISTIN F. PHELPS AND UNKNOWN RESPONDENT,**
Appellees

---

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 21-1656-C)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for want of prosecution.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the appeal be, and the same is, hereby **dismissed for want of prosecution**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*